CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 26 2019

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TERRANCE ROBERT HENDERSON, | CASE NO. 7:19CV00420 |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| HAPPY SMITH, ET AL., | By: Hon. Glen E. Conrad |
| | Senior United States District Judge |
| Defendants. | |

Plaintiff Terrance Robert Henderson, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act, and state law, alleging that the defendants denied him appropriate medical care. The defendants have moved to dismiss the claims for failure to state a claim upon which relief could be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] The court mailed notices advising Mr. Henderson that the court would give him 21 days to submit any further counter-affidavits or other relevant evidence contradicting, explaining or avoiding the defendants' evidence before ruling on the motions to dismiss. The notices warned Mr. Henderson:

> If Plaintiff does not respond to Defendant[s'] pleadings, the Court will assume that Plaintiff has lost interest in the case, and/or that Plaintiff agrees with what the Defendant[s] state[ ] in their responsive pleading(s). If Plaintiff wishes to continue with the case, it is necessary that Plaintiff respond in an appropriate fashion. Plaintiff may wish to respond with counter-affidavits or other additional evidence as outlined above. However, if Plaintiff does not file some response within the twenty-one (21) day period, the Court may dismiss the case for failure to prosecute.

See, e.g., Notice, ECF No. 18 (emphasis in original.) Mr. Henderson filed a motion for an extension of time to respond to the defendants' motions, and the court granted him until

---

[1] Defendants Stephen Herrick (identified in the complaint only by his title as Director of Health Services for the Virginia Department of Corrections), Karen Stapleton, and Carl A. Manis, by counsel, have filed a motion to dismiss, ECF No. 16. Also by counsel, defendants Nina Townsend, Barry Mullins, and Happy Smith have filed motions to dismiss, ECF Nos. 19 and 20. Mr. Henderson has not filed a response to any of the three motions.

November 15, 2019, to respond. Since issuing that order, the court has received no further communication from Mr. Henderson about this case, and the deadline for his response to the defendants' motions have passed. Accordingly, the court concludes that, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, Mr. Henderson has failed to prosecute this action. See generally Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989).

Having duly notified the parties that Mr. Henderson's failure to respond to the defendants' dispositive motions would be interpreted as failure to prosecute and would be cause for dismissal of the action without prejudice, the court will dismiss the case accordingly. A separate order will enter this day.

Mr. Henderson is advised that if he intends to proceed with this action, he must petition the court within 30 days of the date of entry of this order for reinstatement of this action. Any motion for reinstatement should provide a specific explanation for Mr. Henderson's failure to respond in a timely fashion to the defendants' motions to dismiss. The motion for reinstatement shall be accompanied by a response to the defendants' dispositive motions.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to Mr. Henderson and to counsel of record for the defendants.

ENTER: This 25th day of November, 2019.

_____
Senior United States District Judge